**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| MARCO RAFALA ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. 1:09-cv-1299 GLS/DRH |
| ) | |
| NELSON, WATSON & ASSOCIATES, LLC ) | **COMPLAINT WITH** |
| ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |
| ) | |

NOW COMES PLAINTIFF MARCO RAFALA ("Plaintiff") complaining against DEFENDANT NELSON, WATSON & ASSOCIATES, LLC. ("Defendant") and averring as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

    (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the New York State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3. Plaintiff, Marco Rafala ("Plaintiff"), is a natural person residing in Kings County, New York.

4.      Defendant, Nelson, Watson & Associates, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV.  FACTUAL ALLEGATIONS

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.      All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.      Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt.  During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

   a)      Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

   b)      Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including Defendant causing Plaintiffs telephone to ring after 9:00 pm EST (§ 1692c(a)(1));

   c)      In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff, e.g. Defendant's collection representative responding to Plaintiff's repeated assurances that he is "not Thea Jones, he does not know such person and she cannot be reached at his number," by stating "Well, we'll just keep on calling you at this number until you get it changed." (§ 1692d(2)); and

d) Repeatedly stating in conversations with Plaintiff that the calls would stop and that Plaintiff's number would be taken off the list as proper contact information for Thea Jones and failing each time to take the actions necessary to fulfill these promises (§ 1692e(10)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages pursuant to 15 USC 1692k and the Common Law of New York;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Punitive Damages pursuant the Common Law of New York;
    E.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of New York; and,
    F.    For such other and further relief as may be just and proper.

This __19th__ day of November, 2009.

    ATTORNEY FOR PLAINTFF
    MARCO RAFALA

    Respectfully submitted,

    _/s/ Dennis R. Kurz_
    Dennis R. Kurz
    NY Bar No. 4570453
    KURZ & FORTAS, LLC
    Attorneys for Plaintiff
    1932 N. Druid Hills Road, Suite 200
    Atlanta, Georgia 30319
    (866) 971-7208 x 412
    (866) 971-7209 (fax)
    dkurz@attorneysforconsumers.com